**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

JOY BONIN,

                Plaintiff,

    v.

PJ CHEESE, INC.,

                Defendant.

Case No. 0:26-cv-60751

## AMENDED PETITION TO CONFIRM FINAL ARBITRATION AWARD

Petitioner JOY BONIN ("Ms. Bonin"), by and through her undersigned counsel, respectfully submits this Amened Petition to Confirm Final Arbitration Award. Ms. Bonin seeks to confirm the final arbitration award issued March 13, 2026 in Broward County, Florida,[1] which incorporated a first interim award issued October 27, 2025[2] and a second interim award issued February 12, 2026.[3] The Final Award was issued pursuant to a contractual arbitration between Ms. Bonin and Respondent PJ Cheese, Inc. ("PJ Cheese") pursuant to the parties' Dispute Resolution Program ("the Agreement").[4]

### I.    PARTIES

1.   Ms. Bonin was employed by PJ Cheese, Inc. during times relevant as a pizza

---

[1] Exhibit A
[2] Exhibit B
[3] Exhibit C
[4] Exhibit D

delivery driver at its Papa John's restaurant located at 1129 North Woodland Boulevard, Deland, Florida, 32720.

2. PJ Cheese is an Alabama corporation doing business as "Papa Johns" which has conducted a pizza delivery and carry-out business within this District.

## II.   JURISDICTION AND VENUE

3. This Petition is submitted pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, which grants federal district courts the power to confirm and enforce the Final Award.

4. This Court has jurisdiction and venue over this action pursuant to Section 9 of the FAA, 9 U.S.C. § 9, because the Final Award was issued within this District by Ms. Sheila Cesarano, as arbitrator (the "Arbitrator").

5. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 as more than $75,000.00 is in controversy, Ms. Bonin is a citizen of Florida, and PJ Cheese is a citizen of Alabama as it is an Alabama corporation that maintains its principal place of business in Birmingham, Alabama.

6. The Court maintains personal jurisdiction over PJ Cheese due to its agreement to arbitrate in Florida.

## III.   FACTUAL BACKGROUND

7. On June 19, 2023, the parties executed the Agreement, which bound them to arbitrate specified types of disputes between them.

8. Pursuant to the Agreement, on September 11, 2024, Ms. Bonin filed a Statement of Claim and Demand to Arbitrate with the American Arbitration Association ("AAA").

9. Therein, Ms. Bonin alleged that PJ Cheese denied her the minimum wages guaranteed under Section 6 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, Fla. Const. Art. X § 24, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, by failing to reimburse her vehicle costs incurred in performing her job as a pizza delivery driver for PJ Cheese (nominal wages – unreimbursed vehicle costs = subminimum net wages) and by withholding taxes from her recovery.

10. On October 27, 2025, the Arbitrator denied PJ Cheese's summary judgment motion asking to decide Ms. Bonin's claims in its favor.

11. On February 12, 2026, the Arbitrator issued her Order on Ms. Bonin's motion for summary judgment on Actual and Liquidated Damages, issuing an interim award requiring PJ Cheese to Pay Ms. Bonin $10,890.10 for under reimbursements for vehicle expenses, and $17,984.13 as liquidated damages under Florida law. The liquidated damage amount took into account that PJ Cheese had already made a partial payment of $6,812.49 as liquidated damages.

12. On February 20, 2026, Ms. Bonin filed her Motion for Final Order including

Liquidated Damages, Fees, and Costs.

13. On March 13, 2026, the Arbitrator issues her Final Award

   (a) awarding Ms. Bonin $10,890.10 as under reimbursement for vehicle

   (b) awarding Ms. Bonin $17,984.13 as Florida liquidated damages,

   (c) awarding Ms. Bonin's counsel $27,292.50 for attorney's fees, and $1,700.00

      in costs, which included the $1,425.00 of PJ Cheese's share of arbitration

      fees advanced by Ms. Bonin's counsel.

   (d) awarding $1,700.00 of administrative fees to the AAA.

   (e) awarding $19,950.00 for the arbitrator's fees.[5]

14. Further, the Arbitrator expressly adopted and incorporated her prior orders in the matter into the Final Order. [6]

15. To date, PJ Cheese has paid none of the relief awarded by the Arbitrator.

### IV.   REQUEST FOR CONFIRMATION OF THE AWARD

16. The Final Award was made in accordance with the parties' Agreement and is proper in all respects.

17. There is no ground to vacate, modify or correct the Final Award as none of the exclusive grounds for *vacatur*, modification or correction listed in Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10 & 11, apply.

---

[5] Exhibit A

[6] Id. at p. 2

18. This Petition is timely because it is filed within one year after the issuance of the Final Award. *See* 9 U.S.C. § 9.

19. In light of the above, the Final Award should be confirmed pursuant to Section 9 of the FAA, 9 U.S.C. § 9.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Bonin prays that the Court:

a.  Issue an order confirming the Final Award, as authorized by Section 9 of the FAA, 9 U.S.C. § 9;

b.  Enter a judgment that confirms the Final Award, holding PJ Cheese is liable to:
    i.   Ms. Bonin in the amount of $10,890.10 for reimbursements free and clear of any tax withholdings
    ii.  Ms. Bonin in the amount of $17,984.13 for Florida liquidated damages;
    iii. Ms. Bonin's counsel in the amount of $27,292.50 in attorney's fees;
    iv.  Ms. Bonin's counsel in the amount of $1,425.00 for advancement of PJ Cheese's arbitration fees;
    v.   Ms. Bonin's counsel in the amount of $275.00 for costs of arbitration;
    vi.  The AAA in the amount of $1,700.00 for arbitration fees; and
    vii. Arbitrator Sheila Cesarano $19,950 for the arbitrator's fees.

c.  Award Ms. Bonin her reasonable fees and costs incurred in pursuing this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), Fed. R. Civ. P. 54(d)(1), Fla. Const. Art. X § 24(e), and Fla. Stat. § 448.110(6)(c)(1).

d.  Retain jurisdiction over this action, and, pursuant to Fed. R. Civ. P. 69, permit any discovery that may be proper to aid in the enforcement of the judgment; and

e.   Award Ms. Bonin any and all other relief that the Court deems just and proper.

Respectfully Submitted,

March 30, 2026

ARCADIER, BIGGIE, AND WOOD, PLLC.

/s/ Joseph C. Wood, Esquire
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@ABWlegal.com
Secondary Email: wood@ABWlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075
Lead Counsel for Plaintiff