**AMERICAN ARBITRATION ASSOCIATION**

**EMPLOYMENT ARBITRATION TRIBUNAL**

Case Number: 01-24-0005-9923

**JOY BONIN**

>*Claimant,*

>*v.*

**PJ CHEESE, INC.,**

>*Respondent*

---

<u>**FINAL AWARD**</u>

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn and having duly heard the proofs and allegations of the parties, AWARD, as follows:

## I.   PROCEDURAL HISTORY

The parties to this matter are Claimant Joy Bonin ("Bonin" or "Claimant"), represented by Mark A. Potashnick, Esq. of Weinhaus & Potashnick, and Jeremiah Frei-Pearson, Esq. and Panning Cui, Esq. of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ; and Respondent PJ Cheese, Inc. ("PJ Cheese" or "Respondent"), represented by William K. Hancock, Esq. of Hancock Law, LLC.

The undersigned has issued several prior Orders in this matter, which are incorporated herein by reference. These Orders set forth and discuss the underlying facts in this case regarding Respondent's under-reimbursements for Claimant's vehicle costs resulting in a minimum wage violation under: (a) the Fair Labor Standards Act (FLSA), (b) Florida Statutes, Sec. 448.110, and (c) the Florida Constitution, Article X, Section 24.

On October 27, 2025, the undersigned issued her Order Denying PJ Cheese, Inc.'s Motion for Summary Judgement on Statutory Claim for Reimbursement (Exhibit 1). On December 23, 2025, Claimant filed her Motion for Summary Judgment on Actual and Liquidated Damages; Respondent filed its Response on January 16, 2026; and Claimant filed her Reply on January 19, 2026.  On February 12, 2026, the undersigned issued an Order Granting Claimant's Motion for Summary Judgment on Actual and Liquidated Damages (Exhibit 2).

On February 20, 2026, Claimant filed her Motion for Final Order Including Liquidated Damages, Fees and Costs, which is at issue herein. Respondent filed its Response brief on February 27, 2026, and Claimant filed her Reply brief on March 4, 2026. Accordingly, the final issue to be decided herein is Claimant's request for liquidated damages, attorneys' fees, and costs.

## II. FINDINGS ON LIQUIDATED DAMAGES, ATTORNEYS' FEES, AND COSTS

### A. LIQUIDATED DAMAGES

In this case, as previously decided in a prior Order, the total reimbursement due Claimant for unreimbursed job expenses totals $10,890.10. Claimant also seeks

$17,984.13 as liquidated damages under Florida law, after deducting Respondent's prior partial payment of $6,812.49 for FLSA/federal liquidated damages. Pursuant to Florida Const. Art. X Section 24(e) and Fla. Stat. Section 448.110(6)(c)(l), the prevailing claimants or plaintiffs shall recover actual damages "plus the same amount as liquidated damages."

Arbitrators have awarded liquidated damages that equal actual recovery, regardless of whether that recovery is awarded as wages or reimbursements. See Individual Claimant v. PJ Utah, LLC, (Arbitrator Daniel Williams October 20, 2022); Individual Claimant v. PJ Louisiana, Inc. (Arbitrator Stanwood Duval December 13, 2022).

In the absence of Respondent's assertion of any "good faith and reasonable grounds" affirmative defense to this claim, it is concluded that Claimant is entitled to an award of liquidated damages in the amount of $17,974.13. See Order Granting Claimant's Motion for Summary Judgment on Actual and Liquidated Damages issued February 12, 2026, Exhibit 2.

**B. ATTORNEYS' FEES**

As the clear prevailing party in this proceeding, Claimant seeks to recoup her reasonable attorney's fees and costs. The FLSA mandates the recovery of reasonable attorney's fees and costs by a prevailing plaintiff or claimant. 29 U.S.C. Section 216(b). Florida law similarly mandates such awards in favor of successful plaintiffs. Ramos v. Hoyle, 2010 U.S. Dist. LEXIS 151705, at *4 (S.D. See e.g., Individual Claimant v. PJ Cheese, Inc., AAA Case No. (Green Mar 6, 2023); Individual Claimant v. PJ Cheese,

lnc.,(McGuire Dec. 3, 2025); Individual Claimant v. PJ Cheese,(Feldman Nov. 24, 2025); Individual Claimant v. PJ Cheese, lnc., (Barzee Flores October 20, 2025). Fla. April 9, 2010) (citing Fla. Stat. Section 448.110(6)(c)).

These attorney's fees are usually calculated using the lodestar method, multiplying the number of hours worked by the reasonable hourly rate of counsel. Benton v. Deli Mgt., Case No. 1:17-CV-TCB (N.D. Ga. Jan. 28, 2020) at 5-6 (quoting Hensley v. Eckerhart), 461 U.S. 424, 433 (1983). "This method provides a 'starting point' from which the Court may adjust based on such factors as it deems appropriate." Id. (citing Gross v. Killian Oaks House of Learning, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003)).

After the determination of the lodestar, the undersigned must further consider the following twelve factors adopted in Johnson v. Ga. Hwy. Express, 488 F. 2d 714, 717 (5th Cir. 1974) in deciding whether to adjust this lodestar upwards or downwards: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to. acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' or the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Kreager v. Soloman & Flanagan, P.A., 775 F.2d 1541,1543 n.2 (11th Cir. 1985) (citing Johnson, 488 F.2d at 717-19).

In this case, Claimant is not seeking to recoup attorney's fees for time incurred by her attorneys for extensive pre-arbitration activities before AAA Arbitrators appointed by the AAA pursuant to the its Mass Supplementary Arbitration Rules, or in a collateral federal court proceeding before the Northern District of Alabama filed by PJ Cheese, or for the preparation of an ethical Alabama Bar grievance complaint filed against counsel for PJ Cheese. Claimant submits that these attorneys' fees are already the subject of the Order by Judge Green in Individual Claimant v. PJ Cheese, Inc. (herein, the "Judge Green Order").

Claimant seeks to recoup her reasonable lodestar attorney's fees for prosecuting the merits of this arbitration proceeding. This arbitration proceeded solely on written submissions and Claimant is seeking lodestar attorney's fees totaling $27,292.50. Claimant's attorneys charged different hourly rates based on their respective experience, which rates I have reviewed and find are fair and reasonable.

Respondent has argued that that any rate over $350 per hour is not allowable inasmuch as its Dispute Resolution Program ("DRP") limits counsel's hourly rate to $350, and limits Claimant to only one attorney. However, I find that Respondent is not allowed to cap Claimant's attorney's hourly rate under Florida law, or limit her right to counsel, because it would constitute a waiver of Claimant's rights under both Florida constitutional and statutory law. In this regard, the undersigned adopts the reasoning and authorities set forth in Judge Green's Order, which references at least six other arbitrations against PJ Cheese in 2024 alone with the same findings.

I have considered the twelve factors outlined in Johnson, and reviewed the time records submitted herein to ensure that there was no unreasonable duplication of efforts by Claimant's counsel. Claimant's counsel has submitted detailed hourly time records and the rates used by each attorney working on this matter, often at discounted rates.  I find that the fees submitted by counsel are reasonable given the time and labor required to arbitrate the merits of this case, the skills required to litigate this minimum wage case, the Claimant's ultimate success on the merits, the undesirability of the case, the respective experience of Claimant's attorneys and the amount awarded in similar arbitration proceedings. Accordingly, Claimant is awarded her attorneys' fees in the total amount of $27,292.50

**C. COSTS**

In her Process Arbitrator Order No. 2 dated June 20, 2025 affecting this matter, Judge Heckman: (1) denied the Claimants' Motions for Sanctions without prejudice to renew the same before a merits arbitrator; (2) granted the Motion to declare invalid and unenforceable the DRP that limited certain non-Alabama Claimants to Alabama-licensed arbitrators to the extent necessary to increase the size of the pool of possible arbitrators; and (3) granted the Motion to Order Respondents to pay AAA fees within thirty (30) days of the Order.

Here, Claimant seeks to recoup her costs of this arbitration proceeding. An award of reasonable litigation costs is mandatory under the FLSA, 29 U.S.C. Section 16, Fla. Const. Art. X Section 24 and Fla. Stat. Section 448.110. For this proceeding, Claimant asserts that her counsel expended costs totaling $1,700.00 to pursue this arbitration claim.

Of this amount, Claimant's counsel advanced $1,425.00 for PJ Cheese's AAA arbitration fees. It is found that the amount of such costs is reasonable and Claimant's costs are accordingly awarded herein.

## II.  FINAL AWARD

After due consideration of Claimant's Motion and the Parties' prior submissions, as well as the Process Arbitrator's June 20, 2025 Order No. 2 entered by the Hon. Carol E. Heckman (Ret.), the following Final Award is hereby entered, based on the following findings:

1. Claimant's claim for damages brought against Respondent for violation of the FLSA, 29 U.S.C. Section 201 et seq., Fla. Const. Art. X Section 24, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. Section 448.110 for its failure to pay minimum wages is Granted in the amount of $10,890.10 for under-reimbursements for vehicle expenses for the reasons set forth in the undersigned's prior interim Orders attached hereto as Exhibits 1 and 2.

2. Claimant's claim for Florida liquidated damages against Respondent is Granted in the amount of $17,984.13, which credits Respondent for a prior partial payment of liquidated damages under the FLSA.

3. As the prevailing party on the minimum wage claim asserted in this arbitration proceeding, Claimant is entitled to recoup her reasonable attorney's fees in the amount of $27,292.50 and costs in the amount of $1,700.00 from Respondent (which includes $1,425.00 Respondent's share of AAA filing fees advanced by Claimant).

4. The administrative fees of the American Arbitration Association (AAA) totaling $1,700.00 shall be borne as incurred, and Claimant shall be reimbursed for any fees previously advanced by her on behalf of Respondent to AAA, as set forth above.

5. The compensation of the Arbitrator totaling $19,950.00 shall be borne as incurred.

6. Respondent is ordered to pay Claimant the damages and attorneys' fees and costs awarded herein within fifteen calendar (15) days of this Final Award.

7. This Final Award is in full settlement of all claims submitted in this arbitration. All claims not expressly granted herein are Denied.

So Ordered this 13th day of March, 2026 in Broward County, Florida.

/s/ Sheila Cesarano, Arbitrator