THE AMERICAN ARBITRATION ASSOCIATION

JOY BONIN                              )

                                     )

                                     )      AAA Case No. 01-24-0005-9923

            Claimant,      )

                                     )      Arbitrator:  Sheila M. Cesarano

    v.                         )

                                     )

PJ CHEESE, INC.,               )

                                     )

           Respondent.    )

## ORDER DENYING PJ CHEESE, INC'S MOTION FOR SUMMARY JUDGMENT ON STATUTORY CLAIM FOR REIMBURSEMENT

### I.     INTRODUCTION

On August 21, 2024, Claimant Joy Bonin sent Respondent PJ Cheese, Inc. ("PJ Cheese") an amended Florida pre-suit notice letter pursuant to Fla. Stat. § 448.110. Therein, she identified her minimum wage claim based on under-reimbursed vehicle costs (nominal wages – unreimbursed vehicle costs incurred in performing her job = subminimum net wages). Ms. Bonin demanded "$24,786.62 as reimbursements for vehicle costs" and directed that "[n]o taxes may be withhold from such payment of reimbursement for job expenses."

In a virtually identical arbitration against PJ Cheese, *Sarwi v. PJ Cheese, Inc.*, AAA Case No. 01-22-0002-1162 (Mar. 6, 2022), Judge Melvia Green (Ret.), previously held that the damages for under-reimbursed vehicle costs are non-taxable reimbursements for job expenses, not taxable wages. Nevertheless, PJ Cheese, in response to Ms. Bonin's demand, paid her a $24,786.62 "Bonus" (wages) less $10,890.10 tax withholdings.

Recently, on October 19, 2025, in a companion arbitration to this matter, Arbitrator Mary Barzee Flores, in AAA Case No. 01-25-0002-2866, agreed with Judge Green's Order and found that Claimant's damages were non-taxable "reimbursements" and issued an Order Denying PJ

1

Cheese, Inc.'s Motion for Summary Judgement on Statutory Claim for Reimbursement.

In this matter, Ms. Bonin seeks to recover that $10,890.10, plus liquidated damages, attorney's fees and costs. PJ Cheese has moved for summary judgment arguing that Ms. Bonin's damages are taxable wages. The Parties have fully briefed the issue herein, and I concur with Arbitrators Green and Barzee decisions on this identical issue, that is, that Ms. Bonin's damages are non-taxable reimbursements for job expenses, not taxable wages.

## II.     STATEMENT OF PERTINENT FACTS

1.      On August 9, 2024, Ms. Bonin, through her counsel, sent a Florida pre-suit notice letter to PJ Cheese's attorney, William Hancock, pursuant to Fla. Stat. § 448.110(6)(a).

2.      In that Florida pre-suit letter, Ms. Bonin identified her minimum wage claim based on under-reimbursed vehicle costs (nominal wages – unreimbursed vehicle costs incurred in performing her job = subminimum net wages).

3.      Based on her estimates prior to receipt of PJ Cheese's data, Ms. Bonin demanded that PJ Cheese pay her $20,625.00 as reimbursements for vehicle costs. Ms. Bonin further stated that no taxes should be withheld from such payment of reimbursement for job expenses.

4.      On or about August 21, 2024, PJ Cheese produced a spreadsheet reflecting Ms. Bonin's work time, pay, mileage and reimbursement data.

5.      Ms. Bonin's counsel used that data to re-calculate Ms. Bonin's damages.

6.      Later on August 21, 2024, Ms. Bonin's counsel sent Mr. Hancock an amended Florida pre-suit notice pursuant to Fla. Stat. § 448.110(6)(a) demanding "$24,796.62 as reimbursements for vehicle costs." Like the earlier Florida pre-suit notice, Ms. Bonin's counsel directed that no taxes should be withheld from such payment of reimbursement for job expenses. Nevertheless, on or about August 27, 2024, PJ Cheese paid Ms. Bonin a $24,796.62 "Bonus"

2

(wages) less $10,890.10 of tax withholdings.

## III.   DISCUSSION

Arbitrator Barzee, in her recent decision, cited above, and Arbitrator Green before her, set forth the caselaw and statutes that control this matter.  Likewise, the Claimant's brief and arguments are persuasive that Claimant's reimbursements herein are not taxable, and are not to be treated the same as normal wages.  Accordingly, I incorporate those authorities below as the basis for my decision.

The plain language of Fla. Const. Art. X § 24 and Fla. Stat. § 448.110 does not limit actual damage awards to only "wages." In fact, both the Florida Constitution and Florida's Minimum Wage Law (FMWL) allow courts to award any "legal or equitable relief as may be appropriate to remedy the violation." Fla. Const. Art. X § 24(e) expressly provides that prevailing claimants "shall be entitled to such legal or equitable relief as may be appropriate to remedy the violation". Id. (emphasis added). Fla. Stat. § 448.110(6)(c)(2) likewise provides that "[u]pon prevailing in an action brought pursuant to this section, aggrieved persons shall also be entitled to such legal or equitable relief as may be appropriate to remedy the violation, including, without limitation, reinstatement in employment and injunctive relief." Fla. Stat. 448.110(b)(c)(2) (emphasis added). Thus, whether reimbursement is considered legal or equitable relief, both the Florida Constitution and FMWL require courts to provide that relief if it is necessary to provide complete relief to delivery drivers.[1] PJ Cheese's argument that the Florida Constitution and FMWL limit actual damages to only "wages" ignores the broad statutory language and applicable case law.

This result is not limited to Florida law. Even if PJ Cheese had made the payment at issue

---

[1] *See, e.g., D.R. v. Redondo Beach Unified Sch. Dist.,* 56 F.4th 636, 647 (9th Cir. 2022) (recognizing that "reimbursement" for education costs paid for by plaintiff is a form of equitable relief); *Doe v. Portland Pub. Sch.,* 30 F.4th 85, 92 (1st Cir. 2022) (same).

(with tax withholdings) to resolve a Federal Fair Labor Standards Act claim (it did not), federal law recognizes that the FLSA provides workers the right to reimbursement: "If an expense is determined to be primarily for the benefit of the employer, *the employer* **must reimburse** *the employee* during the workweek in which the expense arose." *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1237 (11th Cir. 2002) (emphasis added) (citing 29 C.F.R. § 531.35).

Funds recovered in litigation are subject to the same tax treatment as they would have been if paid without litigation. *Lyeth v. Hoey*, 305 U.S. 188, 196 (1938) (recovery of inheritance through litigation was not taxable income because the funds recovered in litigation assume the same nature as the funds that allegedly should have been paid); *see also* IRS Private Letter Ruling ("PLR") 201810004 ("if the recovery is received as the replacement of capital destroyed or injured rather than for lost profits, the money received is a return of capital and not taxable to the extent the payment does not exceed the adjusted basis in the property") (citing *Freeman v. Comm'r.*, 33 T.C. 323, 327 (1959)). PJ Cheese presents no colorable justification for why the reimbursements it paid to Ms. Bonin as a result of legal action should be treated differently. Courts (and Arbitrators) consistently hold that taxes should not be withheld from reimbursements for job- related expenses recovered by workers. Despite prior adverse rulings, PJ Cheese perseveres here, and in companion arbitrations, at the risk of incurring greater arbitrator's fees, AAA's fees, attorney's fees, and costs.

By way of background, in the 2022 *Sarwi v. PJ Cheese* case referenced above, Judge Green held that, "[a]s a matter of law, employees' minimum wages are restored through awards of reimbursements in minimum wage claim disputes based upon unreimbursed job costs." Judge Green began by framing the issue as "whether the actual damages to be awarded to the Claimant in this minimum wage claim dispute are reimbursement for job expenses as argued by Claimant or as unpaid wages as contended by Respondent PJ Cheese, Inc." Judge Green summarized the

4

parties' respective positions: "In the instant minimum wage claim dispute, Claimant Sarwi asserts that his actual damages herein should be awarded as reimbursement for job expenses. Respondent PJC [PJ Cheese], however, argues that the Claimant's actual damages should be awarded as unpaid wages."

Judge Green recognized that "[t]he practical distinction between the two is that unpaid wage awards are taxable income but reimbursement for job expenses is not." (citing *Price v. Commissioner*, T.C. Memo 1999-142 (holding reimbursement by employer for expenses incurred by employee on behalf of employer are not income) (citing *Gray v. Commissioner*, 10 T.C. 590, 596-597 (1948))."

Citing numerous precedents including controlling authority of the United States Eleventh Circuit Court of Appeals, Judge Green concluded that "[a]s a matter of law, employees' minimum wages are restored through awards of reimbursements in minimum wage claim disputes based upon unreimbursed job costs." *Fata v. Pizza Hut of Am., Inc.*, 2016 U.S. Dist. LEXIS 153545, *20 (M.D. Fla. Aug. 5, 2016) is also instructive. In *Fata,* the court approved a settlement agreement of FLSA and FMWA claims by pizza drivers alleging minimum wage violations resulting from under-reimbursed vehicle costs which contained an express provision that recovery of "reimbursement" for job expenses will be nontaxable.

Judge Green's Order also cited numerous cases showing that "[b]oth courts and arbitrators in other jurisdictions have similarly awarded reimbursements for job expenses when minimum wage violations resulted from the failure to reimburse those job costs." (citing *Marine v. Viejo Quisqueya Rest. Corp.,* 2022 U.S. Dist. LEXIS 162555, at * 22 (E .D.N.Y. Sept. 8, 2022) (ordering that "plaintiff be awarded $700 in damages for the cost of purchasing and maintaining his bicycle"); *id.at* *30 (awarding "$700 in tools of the trade reimbursement"); *Calle v. Pizza Palace Cafe LLC,* 2022 U.S. Dis. LEXIS 1708, at * 29-30 (E.D.N.Y. Jan. 4, 2022)

("plaintiff should be awarded $308 as reimbursement for his 'tool of the trade' expenses against defendants"); *Lin v. New Fresco Tortillas, Inc.*, 2019 U.S. Dist. LEXIS 74505, at * 11-12 (E .D.N.Y. May 1, 2019) (awarding plaintiff $15,999.82 "as reimbursement of motorcycle costs."), report and recommendation adopted at 2019 U.S. Dist. LEXIS 95197 (E .D.N.Y. May 28, 2019); *Wallenberg v. PJ Utah, LLC*, AAA Case No. 01-21-0004-6899 (Williams Oct. 20, 2020) at 5 (awarding pizza delivery driver "unreimbursed actual vehicle costs."); *Benoit v. PJ Louisiana, Inc.*, AAA Case No. 01-21-0004-8139 (Duval Dec. 13, 2022), at 8 (awarding damages for "unreimbursed vehicle costs" and "unreimbursed return drives").

Judge Green rejected PJ Cheese's arguments about the nature of relief available under the FLSA and Florida statutes, the Claimant being free to pursue the withheld tax payments from government taxing agencies, and non-arbitrability of the disputed payment. I reject these arguments as well.

Since Judge Green's *Sarwi* Order, courts have continued to award reimbursements in claims alleging minimum wage violations resulting from under-reimbursed job expenses. Further, those recent awards have separated out (a) awards of reimbursements from (b) wages awarded on other claims. *See, e.g., Rahman v. Red Chili Indian Café, Inc.*, 2024 U.S. Dist. LEXIS 214360, at *27- 28 & *35-36 (S.D.N.Y. Nov. 22, 2024) (awarding $1,130.00 for "'tools-of-the-trade' damages" to delivery worker for bicycle purchase and repair separately, and in addition to, awarding him "$17,354.25 in unpaid minimum and overtime wages" on other claims); *Perez v. W. Side Pizza, LLC*, 2024 U.S. Dist. LEXIS 62588, at *17-18 (S.D.N.Y. Apr. 4, 2024) (awarding two plaintiffs a total of $1,560.00 for "tools of the trade damages" for purchase of bicycles, a helmet, chain, lock, and bicycle repairs separately, and in addition to, awarding them $98,838.25 total "wage damages" on other claims); *Reyes v. Coppola's Tuscan Grill, LLC*, 2023 U.S. Dist. LEXIS 103745, at *32- 33 (S.D.N.Y. June 13, 2023), adopted at 2023 U.S. Dist. LEXIS 113332 (S.D.N.Y. June 30,

6

2023) (awarding "$5,195.00 in damages for failure to reimburse Plaintiff for three electric bicycles and a helmet" in addition to, and separately from, awarding him "$112,150.50 in back pay and spread- of-hours damages" on other claims).

Finally, Fla. Const. Art. X § 24 and Fla. Stat. § 448.110 are interpreted consistently with the FLSA to "make whole" an employee whose rights have been violated. *Llorca v. Sheriff, Collier Cty.*, 893 F.3d 1319, 1328 (11th Cir. 2018) (citing Fla. Const. Art. X § 24(f) ("It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations."). Recognizing Ms. Bonin's damages as non-taxable reimbursements is consistent with the law's "make whole" purpose.

PJ Cheese argues that the decision herein would create an inequitable result inasmuch as Claimant may later obtain a refund of the amount withheld in taxes, resulting in a windfall for her. However, PJ Cheese created the circumstances wherein Claimant has to wait for her money, fill out tax forms to obtain the refund, and have her attorney seek relief, all of which should have been unnecessary given the law and prior decisions on the issue of such reimbursements being non-taxable.

### IV. CONCLUSION

Accordingly, I find that Ms. Bonin's damages are non-taxable "reimbursements" and DENY PJ Cheese's Motion for Summary Judgment.

**SO ORDERED** this 27th day of October, 2025.

Shelia M. Cesarano
**Shelia M. Cesarano**
**Arbitrator**