**BEFORE THE AMERICAN ARBITRATION ASSOCIATION**

| | | |
|---|---|---|
| JOY BONIN, | ) | |
| | ) | AAA Case No. 01-24-0005-9923 |
| Claimant, | ) | |
| | ) | Arbitrator Sheila Cesarano |
| v. | ) | |
| | ) | |
| PJ CHEESE, INC., | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING  CLAIMANT'S MOTION FOR SUMMARY
JUDGMENT ON ACTUAL AND LIQUIDATED DAMAGES**

**I    BACKGROUND**

On October 27, 2025, the undersigned Denied Respondent's Motion for Summary Judgment, finding that Respondent's improper tax withholding of $10,890.10 on driving reimbursements due to Claimant resulted in a violation of the minimum wage laws under both Florida and federal law. On December 23, 2025, based on the same facts at issue in Respondent's prior Motion, Claimant subsequently filed her Motion for Summary Judgment on Actual and Liquidated Damages (herein "the MSJ").   The parties have fully briefed the pending MSJ.

**II    FACTS**

Respondent PJ Cheese, Inc. ("Respondent" or "PJ Cheese") issued Claimant Joy Bonin ("Claimant" or Bonin") a reimbursement of $24,786.62 for her driving expenses, but improperly withheld $10,890.10 of that amount  as taxes despite a prior ruling by Judge Melvia Green (Ret.) finding that the same tax withholding was improper and violated the minimum wage laws. *Sarwi v. PJ Cheese, Inc.*, AAA Case No. 01-22-0002-1162 (Green, Mar. 6, 2023).

As stated above, the undersigned Denied Respondent's prior motion for summary judgment and agreed with Claimant that the actual damages are "reimbursements" and not subject to taxation. Pursuant to that ruling, Claimant is entitled to $10,890.10 as reimbursements. (The more

1

detailed version of the facts in this matter is found in my Order dated October 27, 2025 Denying Respondent's MSJ, which is incorporated herein by reference).

### III. THE PARTIES' RESPECTIVE POSITIONS

In the instant MSJ, Claimant argues that she is also entitled to liquidated damages equal to her total reimbursements recovered under the Florida minimum wage law. I note that Claimant's damages under Florida law are greater than her damages under the federal FLSA for the minimum wage violation at issues herein.

Claimant argues that Florida law requires payment of liquidated damages unless Respondent pleads and proves that it acted in good faith, and submits that Respondent failed to plead and/or prove that it acted in good faith. Claimant therefore has moved for partial summary judgment on actual and liquidated damages, requesting that the Arbitrator award her $10,890.10 as additional reimbursements, plus $17,984.13 for liquidated damages.

Respondent argues that liquidated damages are not proper unless the actual damages are "wages" and not reimbursements, as here. Respondent also argues that even were liquidated damages to be awarded, they would be limited to the amount awarded, not the gross amount sought by Claimant in her pre-suit notice.

### IV. LEGAL ANAYSIS

In the instant case, summary judgement is proper because there are no factual disputes. The issues in this matter are purely legal ones. Based on the undersigned's October 20, 2025 Order, the Respondent is liable for $10,890.10 in additional reimbursements previously deducted from her gross amount and withheld as taxes.

The total reimbursements due to Claimant under Florida law were $24,786.62. Pursuant to Const. Art. X § 24(e) and Fla. Stat. § 448.110(6)(c)(1), prevailing claimants "*shall*" recover actual damages "plus the same amount as liquidated damages[.]" Respondent previously paid $6,812.49

for FLSA liquidated damages. However, inasmuch as Florida minimum wage law provides for $24,786.62 in damages (versus the lower amount due under the FLSA), Respondent is liable for an equal amount as liquidated damages under Florida law. Thus, Respondent is additionally liable for $17,974.13 as Florida liquidated damages ($24,786.62 total liquidated damages under Florida law) minus $6,812.49 FLSA liquidated damages paid, equals $17,974.13). *See, e.g., Cai v. Neima Sushi LLC*, 2025 U.S. Dist. LEXIS 91866, at *8-10 (S.D. Fla. May 13, 2025) (recently finding that $4,160.00 was due for Florida liquidated damages because the Florida actual damages exceeded FLSA actual damages by $4,160.00).

Fla. Stat. § 448.110(6)(b) provides that "[t]he employer shall have 15 calendar days after receipt of the [Florida pre-suit] notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." *Id.* That subsection further provides that if the employer "fails to pay the *total amount*" due or "otherwise resolve the claim to the satisfaction of the person aggrieved," then the employee may bring a civil claim for all remedies available under Florida law. *Id.* (emphasis added). Thus, a unilateral *partial* payment of the amount demanded through a Florida pre-suit notice does not protect employers against suits for additional remedies.

Claimant has submitted caselaw in support of her position, showing that courts have recognized that only an employer's payment of the "full amount" demanded precludes a later suit for Florida Minimum Wage Act ("FMWA") remedies. *See, e.g., Martinez v. Trinity Pruf Creations*, 2015 U.S. Dist. LEXIS 183650, at *4-5 (S.D. Fla. Mar. 12, 2015) ("The FMWA's cure provision, by its terms, requires plaintiffs to notify their employers of 'the total amount of alleged unpaid wages through the date of the notice.' Fla. Stat. § 448.110(6)(a). Only after an employer *fails to pay the full amount demanded* may a plaintiff bring a FMWA claim.") (emphasis added).

Claimant also proffered various arbitrators' awards of liquidated damages to match actual recovery, whether that actual recovery was wages or reimbursements. For example, in *Wallenberg v. PJ Utah, LLC,* Arbitrator Daniel Williams awarded the claimant $5,198.84 as "[u]nreimbursed actual vehicle costs" plus $2,099.95 for the cost of "[u]nreimbursed actual return deliveries, totaling $7,298.79 actual damages. AAA Case No. 01-21-0004-6899 (Williams Oct. 20, 2022). Then, Arbitrator Williams awarded another $7,298.79 as "[l]iquidated damages." *Id.* Likewise, in *Benoit v. PJ Louisiana, Inc.,* Arbitrator Stanwood Duval awarded the claimant $9,461.35 for "[u]nder-reimbursed [v]ehicle [c]osts" plus $1,715.08 for "[u]nreimbursed return [d]rives," totaling $11,176.43. *Benoit v. PJ Louisiana, Inc.,* AAA Case No. 01-21-0004-8139 (Duval Dec. 13, 2022). Then, Arbitrator Duval awarded an equal amount of $11,176.43 for "[l]iquidated [d]amages."

Respondent argues that it should not pay liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1), which provides a possible affirmative defense to employers: "if the employer proves by a preponderance of the evidence that the act or omission giving rise to such action was in good faith and that the employer had reasonable grounds for believing that his or her act or omission was not a violation of s. 24, Art. X of the State Constitution, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed an amount equal to the amount of unpaid minimum wages." *Id.* This affirmative defense is modeled on the FLSA's affirmative defense to liquidated damages provided in 29 U.S.C. § 260 ("if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section

4

16 of such Act [29 U.S.C. § 216].").

The Eleventh Circuit recognizes that "[a] defendant employer's burden of proof is 'a difficult one to meet.'" *Martin*, 940 F.2d at 908 (quoting *Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987)). The Eleventh Circuit further recognizes that "'[d]ouble damages are the norm, single damages the exception...'" (quoting *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986)). Fla. Const. Art. X § 24(f) provides that "[i]t is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations." *Id.*

Initially, PJ Cheese never asserted any affirmative defense in this arbitration, thus it waived the "good faith and reasonable grounds" affirmative defense to liquidated damages. *Edwards v. Fulton Cnty., Ga.*, 509 Fed. Appx. 882, 887 (11th Cir. 2013) ("It is true that a defendant intending to assert an affirmative defense must raise it in a responsive pleading, and failure to do so typically results in a waiver of the defense."); *see also, e.g., Renia v. Curtis Protective Servs.*, 2022 U.S. Dist. LEXIS 93557, at *21 (M.D. Fla. Mar. 7, 2022) (the "good faith exception" under 29 U.S.C. § 260 "is an affirmative defense, on which the employer bears the burden of proof.").

Even if PJ Cheese had pled the "good faith and reasonable grounds" affirmative defense, I find that it acted inconsistently with a prior arbitration decision, which bars any finding of "good faith and reasonable grounds." *See, e.g., Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. Dec. 18, 1985) (no finding of "good faith" when employer chose to disregard the labor department's advice); *Chao v. Yang*, 2007 U.S. Dist. LEXIS 988411, at *15-16 (W.D. Tenn. Aug. 13, 2007) ("there can be no good faith when the Defendants ignored the previous findings of violations, and after a six-week period of compliance, reverted to violating the FLSA in the same way as previously"); *In re Farmers Ins. Exch. Claims Rep. Overtime Pay Litig.*, 300 F. Supp. 2d

5

1020, 1054 (D. Or. 2003) (rejecting "good faith and reasonable grounds" defense because the employer acted inconsistently with a prior court decision against it); *Smith v. Bonds*, 1993 U.S. Dist. LEXIS 21326, at *16 (E.D.N.C. Sept. 27, 1993) ("…the previous fines imposed on Mrs. Bonds by the Labor Department negate any assertion of good faith on her part. … [and] the court is without discretion to deny liquidated damages.").

Here, on March 6, 2023, Judge Green held that PJ Cheese was required to pay a delivery driver's actual damages under the FLSA and Florida law without any tax deduction.   That finding occurred nearly 1½ years prior to PJ Cheese withholding taxes from Bonin's damages. Judge Greene's prior holding undermines the Respondent's argument of "good faith and reasonable grounds.    In addition, Arbitrator Carl Horn, III, in a similar under-reimbursement claim against PJ Cheese, stated: "despite defeat after defeat in litigation and arbitration the Respondent appears to have done little if anything to alter its reimbursement policies; the significant gap between what the Claimant was reimbursed and her actual expenses; numerous complaints by delivery drivers followed by arguably inadequate remedial steps taken; the substantial difference between the IRS rate and the Respondent's reimbursement rate; and the arguably inadequate effort by the Respondent to determine the Claimant's actual expenses." *Pack v. PJ Cheese, Inc.*, AAA Case No. 01-23-0000-6495 (Horn Nov. 8, 2023).   In sum, PJ Cheese ignored at least 7 final arbitration awards against it and its affiliates finding that its reimbursement methodology violates the FLSA, Florida law, and the law of various other states. *Ridenour v. Ohio Pizza Delivery Co.*, AAA Case No. 01-21-0004-7137 (Ahern Feb. 16, 2023) (awarding damages, fees, and costs totaling $100,857.19); *Benoit v. PJ Louisiana, Inc.*, AAA Case No. 01-21-0004-8139 (Duval Dec. 13, 2022) (awarding damages, fees, and costs totaling $114,350.29); *Wallenberg v PJ Utah, LLC*, AAA Case No. 01-21-0004-6899 (Williams Oct. 20,

6

2022) (awarding damages, fees, and costs totaling $116,476.54); *Jones v. PJ Cheese, Inc.*, AAA Case No. 01-20-0015-6701 (Hill-Harvey, Apr. 22, 2022) (awarding damages, fees, and costs totaling $199,754.58); *Rice Jr. v. PJ Cheese, Inc.*, AAA Case No. 01-20-0014-8150 (Bennett Apr. 13, 2022) (awarding damages, fees, and costs totaling $180,168.52 ); *Nelson v. PJ Cheese, Inc.*, Case No. 01-19-0001-5314 (Kimmell Oct. 20, 2020) (awarding damages, fees, and costs totaling $164,246.28); *Ashton v. PJ Louisiana, Inc.*, AAA Case No. 01-17-0006-8180 (Pilie Mar. 26, 2019) (awarding damages, fees, and costs totaling $135,759.41).

PJ Cheese argues that it acted in good faith and with reasonable grounds based on *Abreu v. PJ Cheese, Inc.*, AAA Case No. 01-24-0005-9914 (Voudris Dec. 5, 2025), a decision issued approximately 16 months **after** it withheld $10,890.10 from Ms. Bonin.   In *Abreu*, an *Ohio* arbitrator held that PJ Cheese properly withheld taxes from payment of Florida actual damages.

## V. INTERIM AWARD ON ACTUAL DAMAGES AND LIQUIDATED DAMAGES

For the foregoing reasons, the undersigned is hereby issuing an Interim Award requiring PJ Cheese to pay Claimant $10,890.10 (the tax deduction) as additional reimbursements, and $17,984.13 as liquidated damages under Florida law.  The amount of liquidated damages takes into account that Respondent already made a partial payment of $6,812.49 as liquidated damages.

## VI . ATTORNEYS' FEES AND COSTS

Under Florida (and federal) law, Claimant is the prevailing party and is owed her reasonable attorneys' fees and costs, yet to be determined as to the amount.   In this regard,  I am ordering Claimant to submit her proposal as to the amount of her reasonable attorneys' fees and costs in this matter by February 20, 2026, along with supporting documents.  If Respondent disagrees with Claimant's requested amount, it shall submit its Response by February 27, 2026.   Claimant shall then submit her Reply brief by March 5, 2026.  If necessary, after full briefing, a hearing shall be

set to determine the amount of reasonable attorneys' fees and costs due Claimant.

So Ordered this 12th day of February, 2026 in Broward County, Florida,

/s/  Sheila M. Cesarano, Arbitrator